IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GLENDA S. RYAN                                                                                         PLAINTIFF

V.                                             NO. 14-5109

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Glenda S. Ryan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on May 6, 2011, alleging an inability to work since February 10, 2010, due to back injury, depression, anxiety, migraine headaches, cyst on ovaries, and superventricular tachycardia. (Tr. 71-72, 78, 83). An administrative hearing was held on August 27, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 497-518).

By written decision dated November 2, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - lumbago, depression, and anxiety. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps and stairs and occasionally climb ladders, ropes and scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. She is able to perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, few variables, little judgment, supervision required is simple, direct and concrete.

(Tr. 20). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform her past relevant work as a motel maid/housekeeper. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 27, 2014. (Tr. 4-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility findings; 3) The ALJ erred in determining Plaintiff was capable of performing her past relevant work; and 4) The ALJ erred in his RFC determination. (Doc. 13).

#### A. Consideration of Impairments in Combination:

Plaintiff contends the ALJ disregarded her allegations of hip pain, leg pain, migraine headaches and supraventricular tachycardia.

Contrary to Plaintiff's argument, the ALJ specifically addressed Plaintiff's allegations of hip pain, leg pain, migraine headaches and supraventricular tachycardia. (Tr. 17-18, 20-22) In addition, in his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 16). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal

-4-

effect on an individual's ability to work. (Tr. 16). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 16). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 18). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments individually, and in combination.

### B.     Credibility Findings:

Plaintiff argues that the ALJ neglected to properly consider the level of pain associated with Plaintiff's lumbago and low back pain. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In his decision, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with his RFC determination. The ALJ found that Plaintiff had mild restriction in activities of daily living. (Tr. 19). He noted that although Plaintiff reported that she struggled to take care of her personal needs, she did not report needing assistance to complete them. (Tr. 19). Plaintiff also helped to take care of her husband, sometimes prepared meals, did some household chores, could drive a car, and shopped for food on occasion. (Tr. 19). In addition, in Dr. Terry Efird's Mental Diagnostic Evaluation, dated August 3, 2011, it was reported that the ability to perform household chores adequately was described as impaired by leg pain sporadically, and that she endorsed the ability to drive unfamiliar routes and shop independently, while typically shopping with her husband. (Tr. 232). Dr. Efird also reported that social interactions were described as going swimming "on a good day" with family, and that she spent time on Facebook at times. In Plaintiff's Function Report - Adult, dated January 15, 2012, Plaintiff reported that she did some house and yard work some of the time. (Tr. 122). It is also worth noting that during the relevant time period, although Plaintiff's treating physician recommended smoking cessation classes (Tr. 221), Plaintiff continued to smoke up to one pack of cigarettes per day, which discredits her disability allegations. See Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003).

The ALJ also discussed the fact that on January 11, 2011, physical examination showed that Plaintiff had a normal gait. (Tr. 21). He discussed the fact that the MRI of Plaintiff's lumbar spine on October 4, 2011, revealed mild generalized bulging annulus at L5-S1, disk desiccation

-6-

at L4-5 and L5-S1, and no evidence of a disk herniation. (Tr. 21). When Dr. D. Wayne Brooks examined Plaintiff on March 6, 2012, physical examination showed full functional range of motion in Plaintiff's upper and lower extremities and strength within normal limits. (Tr. 320). Dr. Brooks also reported that Plaintiff was independent in mobility and activities of daily living, could drive, but was no longer employed. (Tr. 320).

Finally, the ALJ noted that no physician placed any functional restrictions on her activities that would preclude work activity with the restrictions placed in his RFC. (Tr. 23).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.      RFC Determination:**

Plaintiff argues that the ALJ failed to consider all of her physical impairments in making his RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a

claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, as noted earlier, Plaintiff underwent a Mental Diagnostic Evaluation by Dr. Terry Efird on August 3, 2011. (Tr. 229). Dr. Efird diagnosed Plaintiff as follows:

> Axis I:  major depressive disorder, mild to moderate; panic disorder, with agoraphobia
> Axis II: deferred (cluster B traits)
> Axis V:  55-65

(Tr. 231).

On August 4, 20122, non-examining consultant, Brad Williams, Ph.D., completed a Mental RFC Assessment, finding that Plaintiff was capable of performing unskilled work. (Tr. 236). Dr. Williams also found in a Psychiatric Review Technique Report that Plaintiff had mild limitations in activities of daily living, moderate limitations in maintaining social functioning and in concentration, persistence or pace, and had no episodes of decompensation. (Tr. 248). This assessment was affirmed by Dr. Kay M. Gale on February 6, 2012. (Tr. 265).

On February 9, 2012, non-examining consultant, Dr. Valeria Malak, completed a physical RFC Assessment. (Tr. 269). She found that Plaintiff was capable of performing light work, with no postural, manipulative, visual, communicative, or environmental limitations. (Tr. 269-272). She concluded that the records supported a Light RFC. (Tr. 275).

On August 15, 2012, Plaintiff was seen at Washington Regional Medical Center, and her back examination included findings of normal inspection, range of motion was normal and there was tenderness, paraspinal to the right lower back. (Tr. 291). The diagnosis was back strain. (Tr. 291).

In his decision, the ALJ gave some weight to the opinion of Dr. Malak, but based upon the additional medical evidence and Plaintiff's testimony and function reports, he found Plaintiff

-8-

to be more limited than as determined by Dr. Malak. (Tr. 24). The ALJ also found Dr. Efird's opinion was supported by the objective medical evidence and incorporated his findings into the RFC. (Tr. 24). The ALJ also gave great weight to the opinion of Dr. Williams, and concluded that there was no treating source opinion that Plaintiff was more limited than as provided in his RFC determination. (Tr. 25).

The Court finds, based upon the foregoing and consideration of the entire record, that there is substantial evidence to support the ALJ's RFC determination and the weight the ALJ gave to all of the medical opinions.

### D.     Past Relevant Work:

Plaintiff argues that there is not substantial evidence to support the finding that she could perform her past relevant work.

The ALJ gave the following hypothetical question to the VE:

> Q:  Okay. In hypothetical number one, assume an individual with the same age, education, and work experience as that of the claimant, who is able to lift and/or carry 20 pounds occasionally, and lift and/or carry 10 pounds frequently. Stand and/or walk six hours of an eight hour work day with normal breaks, sit six hours out of an eight hour work day with normal breaks, push and pull with limitations pursuant to our lift and carry limitations, able to climb ramps and stairs frequently, able to climb ladders, ropes and scaffolds occasionally, able to balance, stoop, kneel, crouch, and crawl occasionally, able to work where interpersonal contact is incidental to the work performed, and the complexity of tasks as learned and performed by rote with few variables and little judgment. The supervision required is simple, direct, and concrete. Could an individual with these impairments, or these limitations, perform the claimant's past work as it is actually performed, or as it is customarily performed pursuant to the Dictionary of Occupational Titles."
>
> A.    Okay. Based on the hypothetical that you presented with the stated limitations, she could perform unskilled work, and the job that she could perform that was her past relevant work would be of a motel maid based on the hypothetical that you stated.

(Tr. 515-516).

The Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's response to the hypothetical questions posed by the ALJ constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past relevant work as a motel maid. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

 evidence).

### E.     Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ failed to fully and fairly develop the record because he failed to order a cardiac stress test or a neurological evaluation to accurately determine the extent and limiting effects of Plaintiff's supraventricular tachycardia and migraine headaches. Plaintiff's argument is without merit. As noted by the ALJ, on April 15, 2011, Dr. Beck reported that Plaintiff's supraventricular tachycardia was stable. (Tr. 18, 159). With respect to Plaintiff's migraine headaches, the ALJ noted that at the hearing, Plaintiff testified that her TENS helps her headaches, and that she had not complained to her treating physician that her migraines had increased in length and intensity, and in fact stated that Flexeril was helping her migraines. (Tr. 18).

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is

particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

Based upon the record as a whole, the Court finds that there were existing medical sources in this case which contained sufficient evidence from which the ALJ could make a determination as to Plaintiff's ability to function in the workplace.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

AO72A
(Rev. 8/82)

IT IS SO ORDERED this 12th day of March, 2015.

                                                       /s/ *Erin L. Setser*
                                                       HONORABLE ERIN L. SETSER
                                                       UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)